v. Deanna C. Tripp Defendant Appellant. Arguing for the Appellants, Zane Zielinski. Arguing for the Appellee, John J. Polinsky, Jr. Good morning. Are both parties ready to proceed? We are. We are, Your Honor. Then, Mr. Zielinski, you may proceed. Good morning, Your Honors. Zane Zielinski, I'm representing Brenda Helms, who is the Chapter 7 bankruptcy trustee. She has intervened in this appeal and has stepped into the shoes of the debtor. The issue before this court is whether or not the summons that was issued on Deneen Tripp before she filed bankruptcy is valid. Certainly, as I have come to understand, in 2020, life is hard, right? We've had to make lots of changes about what we do. We live in bubbles more than we did before. And oftentimes we think the bubbles we live in are hard. As an attorney, I know I have to follow the rules. I have to explain those rules to my clients. Sometimes my clients understand, sometimes they don't. As a bankruptcy trustee myself, I spend so much of my time meeting with debtors. Now I do it on telephone, Zoom meetings. I see 50 or 60 of those debtors every month. I try and understand how they ended up in bankruptcy, the decisions they made. So oftentimes when I talk to debtors, they don't understand how they ended up in bankruptcy. They don't understand some of the legal things that have happened to them and bring them there. It's hard, right? That's the bubble I live in. We're all together in this bubble here. This is not conducive to maybe the best way of practicing, but we do the best we can because things are hard. What I will say, Your Honor, is as I look at this, this case is not hard. This case is relatively simple. The facts are not in controversy. There's no big, long record explaining what happened. The simple thing here is the summons didn't have Dineen Tripp's name on it. That's all. Your Honor, 101, Illinois Supreme Court 101 says that the debtor's name must be on the summons, right? That you can't use at all to be the defendant's name. I believe Supreme Court Rule 131C makes it clear that you can't use at all for summons. Your Honors know that. Your Honors held that in Arch Bay Holdings. V. Perez, 2015 ILAP 2D 14117, that a summons that doesn't have the defendant's name on it is not a valid summons. The judge in the state court knew that was the rule, but he didn't follow the rule here. Instead, as you'll hear opposing counsel say, he believes 201C advocated Arch Bay Holdings, that close enough now is good enough. But that's not what 220C says. The amendment to section 2201C states it is a declaratory of existing law. Existing law is still Illinois Supreme Court Rules 101 and 131, and section 2201A and section 2201C's amendment was not intended to abrogate but to clarify what is required of a summons. 2201C provides that if a summons has been issued by the clerk of the court, the person or entity to be served is identified as a defendant on the summons. They must be identified. And the summons is properly served. And the court's jurisdiction is not affected by a technical error, right? What we're talking about, what counsel will say, is this is a form over substance issue, that getting the defendant's name somewhere on some paperwork is enough. I don't think it is, Your Honors. What the defendant's name needs to be on the summons. I know it's tough. It's hard to turn to opposing counsel in the state court and say, I'm sorry, this is a mulligan. You've got to start over because the summons wasn't right. But it isn't hard to apply the law here, Your Honors. There's no prejudice if you apply the law and hold that the motion to quash was valid. The demean trip still resides in the property. It's not like there's a third party who's moved in. It's not like they've moved on from this. Like so many of the other cases you have addressed where seven, eight years or 12 years has gone by and we're on a 1401. This is not a 1401 petition. This is a 301C. The court still had jurisdiction over the parties. They still had the right to look at it. They should have held the motion to quash. They should have held, they should have granted the motion to quash and simply required to start over. Your Honors, I think it's a relatively easy issue. I don't think it's very hard to come to an inclusion. And so I don't think I need much more of your time because attorneys love to talk when we probably don't. So I will welcome any questions and reserve the rest of my time. Thank you, counsel. Justice Zinoff, do you have any questions? Yes, I do. First, would you clarify for us, you indicated when you started you represent the trustee who stepped into the shoes of Deanna Tripp. Is that correct? That is correct. I represent Brenda Helms. I do not represent Deanna Tripp. Ms. Helms is a panel seven trustee like myself. She was appointed in the case. And under 501, 11 USC 501, the trustee steps into the shoes of the debtor and can prosecute any potential causes of action that the debtor may have here. Right. And then with respect to the opening brief, the white brief, the cover of that brief, is there any place on the cover of that brief that that is indicated? Or is there some other way that you did you adopt the brief that we did? We did, Your Honor. We filed the motion to intervene in these proceedings, and there is an order where we adopted in our prayer for relief in that motion. We adopted all of the pleadings of the debtor in the case. As I sit here, Your Honor, I apologize and don't have the order in front of me, but I did review it ahead of time. We did specifically adopt all the pleadings that were already in the case. And so that's how we have stepped into the shoes. All right. I'm familiar with that. So any question regarding standing that Deanna that Lyle would have raised regarding Deanna's standing is moot. Is that correct? That they raised the they raised the issue in their brief that their standing was that we had the wrong party. We now have the right party. I believe all that issue is moot. This was an issue that we addressed in the trial court. Your Honor, when this motion was heard, I was there personally supporting the motion. The quash. And so I think all that is moot, Your Honor. Let me just ask another question, though, since this became a chapter seven bankruptcy. Is it such that the trustee is the only one withstanding? And this interesting, interesting question, Your Honor. It's one of those where angels on the head of a pin sometimes as a bankruptcy practitioner, as a teacher in bankruptcy. I will say that the Seventh Circuit has held that the right of possession of the property remains the debtors. So we give under the trustee the cause of action. We give under the trustee any remedy. Any recovery would belong to the estate. But the Seventh Circuit has said very clearly that the right of possession of the property remains superior to the trustee's right to divest that person of the property. The Seventh Circuit said that only when we pay the debtor's exemption, $15,000 homestead exemption, can we remove the debtor from the property. So they still have a recognizable right under Seventh Circuit law. That right is merely the right of possession. OK, thank you. Focusing for a couple of minutes on 201C, would you agree that if we were to look at the plain language of that section, the terms technical error and identified as a defendant on the summons are ambiguous? No, I don't think they are. I think they are simply saying what 101 has already said, that they have to be identified on the summons, that the name has to go on the summons. If you read it in conjunction with 131C, it specifically says that at all is not to be used for summons. So I don't find 201C ambiguous. Well, I didn't, I asked about the term technical error. The language says a court's jurisdiction is not affected by a technical error in format of a summons, if the summons is by the clerk of the court, etc. And let's see, the person or entity to be served is identified as a defendant. So I'm focusing on those two parts of C. We don't know what those mean, do we? We have to look further than the plain language in order to figure out what they mean. Yes, Your Honor, I would agree with that. You must look, right, you don't, no statute is read without reading the other statutes. I think I misunderstood your question initially, that you would then have to look to the other rules to understand what that means. Well, actually, I'm referring to something a little bit different. So if we assume that the plain language, if we focus on these couple terms, is not exactly clear. In trying to ascertain the intent of the legislature to other sources. And one of those sources certainly could be the Senate majority staff analysis. Isn't that correct? Isn't that one of the look to? Certainly, if you find there is an ambiguity, you would look to that. I think I have in one of the briefs, there is a mention of that. But certainly, if you feel there is an ambiguity, you would look to see what was the intent of the party. And if we look at that majority staff analysis, that analysis does make clear that it was designated and designed to overrule or overturn Perez. Isn't that correct? I think there was some pressure on them. There was some discussion. I don't think the legislative history is necessarily that clear, saying that they intended to overrule Arch Bay. I know that there have been rulings since 201C came down in which Arch Bay has continued to be upheld as a proper law, Your Honor. Well, one of the other things, I'm not sure it's that clear either. One of the other things we could look to in trying to find out the intent would be the evolution of the language of the bill. And if we look at that, do you recall what the bill's sponsor, Mulroy, said the intent of the amendment was, this adding 201C? If you hold on a second, let me check my notes on that. Well, do you agree that what he said was the intent was to abrogate Perez? I mean, that's my reading of the debate. Hold on. Go ahead. Yeah, hold on a second. It's always difficult when you jump into a case. I have the legislative history here. It's just been a little while since I am. Well, let me go further and say, assuming that is what sponsor Mulroy did say about the purpose of the bill. It wasn't so clear as to what they said about the intent. They were talking about the bill preserving the holdings of Ohio Millers and Fleshner. But there were some further ambiguous comments in the House when that bill was being discussed. I do know that was the case. There was an extreme pressure because there was a whole bunch of these cases that were coming in. And they wanted to try and correct it so that cases that were seven, eight, nine years down the line didn't get undone by the Arch Holdings. Yes, Your Honor. I do believe that was part of the pressure put on on 201C. But I don't necessarily, in applying 201C, I don't necessarily think that was. I don't think this type of case, where it was timely brought, is the type of case they were trying to address by that change, Your Honor. You do not think it was this type of case? I think there is a material difference between a case in which the court still has jurisdiction over all the parties, and there is an error brought up on the summons versus a case where eight or nine years has gone by. And so oftentimes, if you were guided by what the legislative history and the pressure on the history was, there were these cases where eight or nine years has gone by. Laches clearly applies, Your Honor. I have a hard time believing that when seven or eight years go by and you come back and try and vacate a summons that was issued seven or eight years ago, that you haven't slumbered on your rights. And so certainly trying to address things that are that old is part of the pressure, part of what was going on in 201C. I don't think they did it right. I don't think 201C's language really gets to the point. I think Your Honors did a better job of it in a more recent case that I read, which unfortunately is a Rule 23 case in which Laches applies in those type of cases. They didn't need to go back and try and correct it by 201C. Laches applies in cases that are that old, Your Honor. 201C doesn't really prescribe the form of the summons, does it? It really talks about the consequences of failing to adhere to the requirements in 101. Isn't that right? That is correct. Go ahead. It's a little hard on a cell phone, obviously, so I don't mean to talk over you, and I know you don't mean to talk over me. But anyway, Rule 101 does not say the use of the wrong form of a summons shall affect a court's jurisdiction, does it? It does not. It simply has the language of what must be on the summons. Well, it actually says the opposite, does it not? The summons shall clearly identify the date it is issued, shall be directed to each defendant, and shall bear the information required by Rule 131D for the plaintiff's attorney or the plaintiff if not represented by counsel. Right, but G says use of the wrong form does not affect jurisdiction. Right, but the question is, ultimately, the debate we're having is whether or not it's a form over substance. Do you believe, and the question that is in front of all Your Honors is, is leaving the defendant's name off the summons a substance issue, or is it a form issue? My years of experience, my years of dealing with debtors, Your Honor, it is 100% a substance issue. On a personal matter, I see so many debtors who don't understand even basic rules and very complicated language. We're dancing around an issue, which is really very simple. Are you going to ultimately say Tool 1C says the form doesn't matter and that not putting the defendant's name is simply a form issue and therefore it's valid because of everything else that happened? That's why my job is hard and that's why your job is equally hard trying to decide on a form over substance issue. I think it's a substance issue. Counsel, opposing counsel, will tell you all the reasons why he thinks it is a form issue. I don't believe the legislature corrected it in the right way. That was their intention, right? They could have made the language even clearer, saying that as long as the defendant is on some attached paper, somewhere it is sufficient. I don't think that's the rule here, Your Honor. And I'm sorry to talk too long. No, that's all right. This is an important issue. You do say at page 7 of your reply brief that there is a statutory precondition to application of 201C savings provision. Can you explain what you meant and tell us what it is and why it hasn't been met? Let me get to that page, Your Honor. Okay. So we are simply coming back to when the summons itself was issued, right? I think 101 provides that the defendant's name has to be met on the summons before we get to the savings provision. I see. So that's what you're referring to. When you say the statutory precedent, you're referring to a one. Is that right? Yes. It's not mentioned there, and I didn't want to guess what you meant. Right. And sometimes, you know, in Frankentine proceedings where you take over and other attorneys, I've spent time with Mr. Ramondi trying to understand all the pleadings here that we have adopted just to make sure I understand. And I have his notes, which indicate that we are referring to the statutory provisions of 101 as well as 131, which, again, says that at all is not appropriate for a summons. Okay. I don't think I have any other questions at this time. Thank you. Thank you, Justice. Thank you, Justice Inhofe. Justice Hutchinson, do you have any questions? Yes. Thank you, Justice Bridges. Mr. Zalinsky, you referenced in your argument that this case isn't like the 7 to 10 to 12-year-old cases where the party comes back and tries to get back in the picture because this was filed during the actual process of the case. Do you have any authority that indicates that the time involved in any different case changes the way a statute is applied to it? Excellent question, Your Honor. Thank you. I'm getting back to the nature of where we are in the case, right? So when I referenced that this is different than the 7 or 8-years case, I'm really maybe inartfully doing it. I'm backing into trying to explain that laches here doesn't apply because of a recent ruling that I was involved in in which, Your Honors, which the appellate court held that arch holding still applied, but that in cases where you're bringing in as a 1401 petition as opposed to 301, that you need to apply laches before you can get to the ruling. So I wasn't necessarily saying that you would interpret the statute differently. What I was trying to get to is that if you apply the statute, your analysis is not complete. You must still look to see if there is a laches defense, even if it hasn't been raised. And I was backing into the laches defense that here it wouldn't apply as we're in those cases that are 7 or 8 or 9 years down the line. I think laches clearly applies. And as I have read in a recent opinion from October, you would apply laches in a case like that. Okay. I appreciate that. Now, as one of two of the members of this panel, who also were members of the arch holdings panel, when I read the language of the legislature, it was pretty clear to me that they were saying, yes, this is designed to take away the holding of arch holdings versus Perez. How can you see it any differently? I'm not saying it was my personal pride that's offended. I'm just curious how you see it differently. You know, I see when I read 201C and what they came down to, yes. Obviously, you have enough money. You can push through legislation. Because there was an issue here. An issue that, unfortunately, my time with the U.S. Department of Justice, we've had to examine these issues because if people are reopening cases that are 7 or 8 years old, does it impact bankruptcy trustees? And we have to look and examine it. Ultimately, I think that what 201C was intended to do and what it did are two different things. Right? Sure. I think the legislative history intended to try and correct arch bay holdings and get rid of all these cases. I don't think that's what the language of it did. I still think there is a cognitive issue with whether or not the debtor's name on the summons is a substantive or form. Certainly the way I think they drafted 201C, they seem to believe that that is a form issue and not a substance issue. I don't think that's what 201C ultimately came down and said. I still think you can rely on arch bay. And I think that instead of relying on 201C in some ambiguous language, that you simply turn back to latches, as you did in the other case I have read on this. So, yes, your honor, I do believe there is a strong indication they intended to overrule arch bay. They didn't like it. I don't think they got there. And that's ultimately what, right? I'm an advocate for the creditors of Dineen Trip. I got to play the cards I have in my hand, which is I don't think they got there. I don't think the language is clear. All right. Thank you very much, counsel, and Justice Bridges. I have no other questions. Thank you, your honor. Thank you, Justice Hutchinson. Counsel, I have a few questions. You seem to be arguing in your brief that rule 101 and section 2-201C are in conflict. But doesn't the Supreme Court rule 101 simply provide the form of the summons while 2-201 spells out the consequences to the party who fails to comply with 101? Yes, your honor. I think, you know, whenever you go back and redo something to try and fix what something else has done, it's never as pretty as you want it to be, right? And so to come back to the theme, it's hard, right? I look at this issue as a practitioner. I look at this issue as a trustee. I do see an inherent ambiguity between the two of them, that we have to have summons that follow a specific form, that if they screw up the form, they leave the word defendant off, they leave the word plaintiff off, then that's a form issue. But ultimately what we are talking about is a substance issue. Does 2-201A, 2-201C, do they still apply here? And I just, there is enough ambiguity here that that makes your job hard, your honor. I'm not entirely sure I answered the question because attorneys tend to talk before they actually know what they're going to say and I apologize for that. Okay. And let me ask you this. You, because you didn't argue in your opening brief that pursuant to Studentovich versus Queens Park, that 2-201C could not be applied retroactively to a defective summons. Is that correct? We did not argue that, your honor. We felt that the legislative history on 2-201C meant that they intended it to be retroactive. Okay. As a matter of fact, I'm sorry. As a matter of fact, Studentovich was issued in February of 2019 and you filed your brief in May of 20. And Supreme Court Rule 341.87 provides that points not argued in an, you know, appellant's brief are forfeited and shall not be raised in a reply brief. Isn't this exactly what was raised here and why shouldn't we consider this argument that you've made forfeited? Your honor, I will not disagree with what you're saying. That if it was not raised in our initial brief, you are correct. It cannot be brought up in the reply brief. Again, the issues when one attorney steps in the shoes of another attorney. I will concede that point, your honor. I know that. I have argued that point many times. Okay. And looking at your brief again, you argue on your brief on page 17 that latches wouldn't apply in attacking avoid judgment. And you essentially argue because avoid judgment can be challenged in perpetuity. And you cite a number of older cases, the Justana case. And preparing this brief, you didn't find any of this court's opinion, you know, that where we have held that the equitable doctrine of latches can, you know, be interposed on a limit when avoid judgment may be collaterally attacked? I agree 100%, your honor. Right. A difference between adopting somebody's plea. And so I thought I had clarified that in what I've said so far, but let me clarify it. I do believe the most recent case where you addressed this issue, which is the Bonilla case, you did apply latches in that case. I do believe that even though there may be avoid judgment, that latches does apply, your honor. And so to the extent that that was what was argued by Mr. Ramondi when he was representing the debtor, I will say very clearly that is not the position I have tried to take today on behalf of the trustee. I do believe that there is a material difference between a case that is seven and eight years trying to attack under 1401 avoid judgment where latches applies, people have moved into the property, versus where the debtor still remains in the property. And this is an internal discussion I've had with my client in discussing this issue is that we do believe that latches will apply in certain cases and certain of these cases shouldn't be pursued because they are too old. In this case, that doesn't apply. I don't believe latches applies in this case, because the motion to quash was brought within 27 days of the sale order being entered, your honor. So to the extent that that was argued in the briefs, I will formally say I have withdrawn that and I do know that you have applied equitable latches in cases like this, your honor. And I have one, I have a case where you most recently cited it if you want that site, your honor. I do have a copy of that case with me. Okay. Well, thank you, Counselor. I have no further questions. Just as you have any additional questions. Well, I would appreciate having this presentation, please. Oh, sure. It is a case where I was representing a bankruptcy trustee as well. It is 2020 ILAP2D190811. It is a Rule 26 opinion. And it was MB Financial v. Bonilla. I do have a copy of it. If your honor wishes me to circulate a copy to the bench, I can do that as well, your honor, if my sight isn't sufficient. Citation. Could I have that citation again, please? Sure. I apologize sometimes I speak too fast. 2020 ILAP2D190811. And it was filed on October 1st, 2020. And it is MB v. Bonilla. And it was Judge Justice Hutchinson who delivered the judgment of the court on that case. Yes, it was. Thank you. Any additional questions, Justice Zinnoff? No, thank you. You're welcome. Justice Hutchinson, do you have any additional questions? No, thank you. Thank you, Mr. Zielinski. At the end of the appellee's argument, you will have an opportunity for rebuttal. Thank you. Thank you. At this time, Mr. Kulinski, you may begin your argument. Well, thank you. May it please the court, Judge. My name is John Kulinski. I represent Lyle Savings Bank. I was a little surprised when I posed to hear that Mr. Zielinski now proposed to represent Brenda Helms as compared to the defendant appellant. All the documents that I have in my possession by way of appellate briefs and reply briefs purport to have been submitted on behalf of DeAnna C. Tripp. I know that on July 21st, this court entered an order that took our motion to dismiss the appeal to be heard with this case. And I know that subsequently we got a motion for leave to adopt the briefs on behalf of Brenda Helms. But we never got anything by way of a petition to intervene and substitute. Now, on our motion to dismiss, the chronology is important. We have a summons served in August of 2015. That's in the common law record at 53. We have a bankruptcy filed by the debtor on March 21st, 2016. That's in the record at 125 to 128. We did not proceed to judgment and a sheriff's sale until after we got relief from the automatic stay on March 21st, 2018. That's in the record at 269. And then the debtor filed a petition in bankruptcy, which was later converted to a Chapter 7. That was May 8th of 2018. That's in the record at 142. And as counsel indicates, per Bankruptcy Code Section 541, all of the defendant's rights in the property became property of the estate as of that date. In November 8, 2018, the trial court in this matter found that it lacked jurisdiction to hear the motion to quash as a consequence of that bankruptcy. And that's in the record at 219. That order, interestingly, has not been appealed. So according to Judge Arell, as of November 8, 2018, the proper party to bring the motion to quash and the proper party, of course, to file any appeal would have been Brenda Helms. But she did not file any notice of appeal. In November of 2019, a year later, the trustee finally sought an opportunity to intervene in the trial court. That's in the record at 236 through 244. And in her pleading, she specifically asserted that all the property that we're discussing here belonged to the estate. That's specifically at page 243 of the Tomilaw record. And she was granted leave to intervene on December 5, 2019. That's in the record at 266. Now, Mr. Zielinski indicates that he represents Brenda Helms. But as has been pointed out, not only has the appellant's brief been filed on behalf of Deanna Tripp, and I mentioned my reply brief or the reply brief I received that I think was filed in, gosh, I want to say August or September of this year, still purports to be on behalf of Deanna Tripp. So I would respectfully suggest that because Brenda Helms didn't file a notice of appeal and because Deanna Tripp no longer had the right to that property, this appeal wasn't properly perfected. Now, I'm aware of the Zeckley case that Mr. Zielinski refers to that says that pursuant to the Homestead exemption, the debtors have a possessory right in the property. But as we pointed out in our papers, not only does the Zeckley case stand for the proposition they've got a right for possession, it's a little bit different though because it was a situation where the trustee was seeking to reduce the amount of money to be distributed to the debtor out of the exemption funds to apply to rent. And the Seventh Circuit specifically said you can't reduce the cash they get as a consequence of not paying rent. They have a right to stay there until you can pay out the exemption is essentially what the Seventh Circuit said. Subsequent to the Zeckley case, though, it was distinguished in a case called In re Laredo, where the very same bankruptcy judge, Judge Squire said, of course, that Homestead exemption only applies if there is equity in the property. And in this situation, there is no equity in the property. And you can see that because we had a deficiency judgment, which was noted. And I have a site to that in our motion to dismiss. So in other words, they may have had a possessory right until they could receive money pursuant to the Homestead exemption, but there was no Homestead exemption in this case because there was no equity for which they would they would be allowed to apply to which they would be allowed to apply. And we have also another situation also in present in Laredo, where Judge Squires held that a prior secured creditor. In that case, I think it was a tax lien would take priority over the Homestead exemption that the debtors could assert. And of course, in this case, it's a it's a mortgage and all the mortgages, including the one in this in this particular situation, contain waivers of the Homestead exemption. So the bank would always be in a position ahead of the debtors Homestead exemption here. So respectfully, with regard to the motion to dismiss, which you've taken with the with the here with this case, I think it's a simple solution. And the court can find that failure to file the notice of appeal on Ms. Helms part means that the appeal was not properly perfected. Going to the substance of the appeal. I will concede a couple of things straight off the bat. First of all, I do believe that the intention of the amendment was to overrule the Arch Bay versus Perez case. But I'm also aware of case law in in this particular district that says that even though you include language in a statute that says it's declarative of existing law, that is, in essence, a way to back your way into retroactive effect. And I'm thinking of, in that particular matter, it was a case called First Mortgage Company versus Dina Dina 2017 elapsed second 170043. And I think that's a Justice Burke opinion. So what it comes down to is either the Arch Bay case controls, in which case the summons was probably defective or the Flesher case, which we recite in our pleadings controls. I haven't been around, perhaps, quite as long as Mr Zelinsky but I've been doing it for 34 years, and I never thought it was fair to expect trial judges, or even for that matter appellate judges to have at their fingertips, every case in, in, in, in their mind. So, I would respectfully suggest that when the Arch Bay versus Perez case was decided, I don't see any reference to the Flesher case, but it had perhaps had the Flesher case been argued in that situation, the result in our state would have been different. The facts in Flesher are very instructive. We have not only was the defendant, not named in the on the face of the, of the summons, the defendant was not named in the caption, and the defendant was not named in the opening paragraph of the complaint, you didn't get to a mention of the defendant until paragraphs, I think it's five or six in that situation. And in that circumstance, the Illinois Supreme Court held that the failure to not only name the defendant in the caption, and on the first paragraph, but also on the summons was not something to defeat jurisdiction, when the summons was admittedly was admittedly served upon that defendant who was later on named. So, in that situation, the Supreme Court said they should have been allowed to amend the complaint on its face and the summons was sufficient to for jurisdiction to attach. So, so where I come down to it is, if the court thinks it has jurisdiction, the court either determines that the Illinois Supreme Court case from 1958 controls over the Arch Bay versus Perez case, or it does not. And so that's pretty much all I have to say on the merits of our, of our argument. Thank you, counsel. Just as enough. Do you have any questions. Yes, I do. Counsel, is it true that the summons. Here the attached list with the names and addresses was directed to the process server and really wasn't a part of the summons at all. And so, if that's the case, how was the end trip name as a defendant on it. Well, I would respectfully suggest that it was the service list was attached to the complaint by this in this much the same way that a lot and a launch would be attached to a promissory note, and it becomes part of the promissory note. And I believe it was stapled I don't think anybody's ever contested that they weren't delivered as a as a unitary document. But if you look at the sentence at the beginning where it says to each defendant, and then it says see attached service list at by reference it makes reference to these individuals who are intended to be and named as defendants. The fact that it also says, please serve is an instruction to the process server, but it doesn't in any way suggest to the person who's receiving this summons that they're not somebody who's subject to the summons and complaint and I think that falls right in line with with what we have in Fleshner, that is to say, all the all the individual needed to do was to look at that and the page that was stapled to it to identify herself as a party defendant. And I'll go further, my recollection is that she scheduled this debt in her bankruptcy and and made reference to the actual foreclosure case so she was aware there's I don't think anybody's even suggested that that Miss trip was unaware of the existence of litigation. Okay. Now, if we look at Senate bill 2432. As it was first introduced. It would appear to have abrogated Perez, because there are a couple sentences the first two sentences say a summons that otherwise complies with Supreme Court rules and is properly served is not invalidated, and the courts jurisdiction is not affected by an error in format. And it goes, or it went on to say a summons is not defective. If the name defendant is listed on a document attached to the summons, and then the last sentence the subsection declarative of existing law, etc. But those two first two sentences were taken out. And do not appear in the final version that was adopted. So, how can we infer that the intent of the legislature was to have abrogated Perez with those two sentences gone. I would say in much the same way as these this the opposite side of the question was posed to Mr Zelinsky, and the comments made on the floor. That said, I still have to concede the whole retroactivity issue that they, as a legislature could not have overruled prior appellate law, if that was an interpretation of the statute, even if that appellate decision was not in keeping with what the legislature intended in the first place. But that doesn't make their statement that the law that is to say the Flesher case controls, any less accurate. Okay, so, even if we were to assume that the intent was to overrule or overturn press I mean it's, it has not been overturned. Correct. I mean, there, it hasn't been. It's still good. Well, still good loss, so to speak. How, how does this court resolve this conflict. What do we look to, I think you look to the, the Supreme Court case which perhaps was mistakenly omitted in the discussion in the arch baby versus press case, which is the Flesher case that you were just talking about. That's correct. So I think, I think this court has the ability to recognize that that there was superior authority that was simply not considered in the arch baby versus press case. So, it doesn't have to say that arch baby has been overturned it simply has to say that arch baby perhaps was was decided in error and and I mean that with all due respect I know two of the three of the panel were on that situation. Right. But nobody's expecting every appellate judge to have it his or her fingertips, every Supreme Supreme Court case over the last 50 years. And if it didn't come up that omission can be well understood. I say, okay. What is your response to the point regarding latches, and even equitable latches. How do you respond to counsel's points that he made. I will concede that there's, there's no latches argument here she filed her motion to quash within, I think within a month or so of the order confirming the sale so it wasn't even a 1401 petition it was, it was simply a motion to quash. And even if it had been on the basis of a default judgment. It would have been virtually automatic under 1301. Right. Okay. Okay, just one second here, let me look at my notes, make sure I haven't omitted anything at the moment, please. Opposing Council argued, when we looked in his reply brief and I call the attention to this, that there was this precondition to the application of to a one C savings provision, and his reply was that the precondition is the language in one on one. How do you reply to that. What is your answer to that. I'm not sure I have one for that. So the language does say in one on one a summons shall be directed to each defendant. So that that you're agreeing means that the defendant's name needs to be on the face of the summons. I think it says it shall be directed to each defendant it doesn't necessarily say it has to be on page one of a multi page document which is attached together permanently. Okay. All right. Thank you. Doesn't say how that has to be addressed to the defendant. In other words, I see. Okay. Thank you. I don't have any other questions at this time. Thank you, Justice and Justice Hutchinson Do you have any questions. Yes, thank you. Mr. Let's see. What is the purpose of a summons. Well, it's it's supposed to give notice to the defendant that they're subject to the jurisdiction of the court and that's why it includes a recitation that your failure to you to appear may cause a default judgment to be entered against you. And if you receive this summons, and we'll assume for the moment that there's no problem with it. And you looked at the complaint, which is what also what Fleschner said to do. Is it clear that Deanna trip is a defendant in this case. In the very first paragraph of the complaint she is named. And there's no confusion that she might somehow be affiliated with Lyle Savings Bank. Lyle Savings Bank is above the versus line and the names of every defendant are below that. And after that list of names is the word defendants. Okay. Excuse me. With reference to the, the circumstances that occurred this morning with Mr Zelinsky being here on behalf of the trustee. Are you saying that the intervention in this case by the trustee is not sufficient that something else. Maybe should have happened or should have been requested in order to be in a position to argue and have have standing here. I'm saying that the motion that was filed was styled a motion to adopt briefs, and the proposed order that came with that motion indicated that that Ms Helms was to be given leave to adopt the briefs. It didn't seek to intervene it didn't seek to substitute her as the party defendant or the or the appellate. And I think it was not sufficient to allow her to substitute in, nor for that matter. Would it have been sufficient for her to to bootstrap back on it, and a notice of appeal, which was filed by somebody who according to Ms Helms had absolutely no ownership interest in the property. So as of the date Ms Helms sought to intervene in the trial court. She took the position that Deanna trip did not own the property, and that's been Ms Helms position since November of 2019. And that's it there in the common law record at page 243. But by the same token, until there is a resolution of all of the issues that you raised Deanna trip maintains a possessory interest does she not. I disagree on that one, Your Honor, for the reasons that I for the reasons I set forth in in in our motions to dismiss in the reply the Laredo case says that the possessory interest, created by the exactly case in the Seventh Circuit applies. Only for so long as there is a homestead exemption in place that is to say you can't dispossess the debtor of the property without first paying out the homestead exemption. And then Laredo goes further to say, what if there is no equity, and therefore, no exemption to be applied that right of possession no longer exists. And that's exactly what happens here for two reasons. One, the judgment that was confirmed showed a deficiency judgment. So there was there was absolutely no equity as a result of the sale in the first place. And, and, and secondly, and the, the mortgage itself waves that homestead exemption in favor of Lyle savings, which is also in line with what Laredo said, which is that a prior secured creditor takes precedence over the homestead exemption of the debtor bankruptcy. So I don't think the antitrip has a legal right to possession of the property pursuant to exactly and and and the bankruptcy code. All right. Thank you very much, counsel, and I have no other questions. Thank you, Justice Bridges. Thank you, Justice Hutchinson. Counsel, I have a few questions. Without looking forward to to 201C, do you agree that Rule 101 not only addressed the form of the summons, but it also conferred personal jurisdiction to the court? I, I, I haven't really thought about that issue because I didn't, I didn't see it being that much of an issue here. I think one on one says, you've got to notify the defendant and and and name them. It doesn't say the manner in which you happen. That's, that's pretty much all I have to say. But isn't that essentially what Arch Bay and Ohio Miller Hill. Well, Arch Bay and Ohio Miller. First of all, I, I think Arch Bay controls. If you ignore flashing. It doesn't control if you if you pay attention to. And Ohio Millers is distinguishable, because in that situation, they used fictitious names and descriptive categorizations, rather than the, and then they actually purported to serve individual members of an insurance exchange, rather than the, the, the defendant parties that were supposed to be in. There was no way in Ohio Millers, that somebody who received those summons was going to know which defendants were supposedly joined in, in, in the case. And you think that in this case, by adding them to the service list that differentiate this from Arch Miller. I mean from Arch Bay. I know I don't I respectfully suggest that Arch Bay was entered or decided in error because it ignored flesh. And the first page of that summons says to all defendants see attached service list. And that document that stapled to the first page is entitled service list. So it's clearly a reference to the second page. And all you had to do is flip the page, and it see see her name as somebody who's being served, and only defendants get served, and then look at the summons what I mean the complaint which was served simultaneously, and right below her name is the word defendants Fleshner says she should have known, and I would respectfully suggest I'm sure she did know she was a party defendant in this case, I don't see anything that would would create a substantive due process problem by the fact that her name was on page two of the summons versus page one. But wasn't in this case here the plaintiff aptly put on notice that their summons was defective when Arch Bay holding was issued back in November of 2015, which was about a month before the you filed the affidavit for service. I can certainly can tell me you keep making reference to the older case. I'm sorry I apologize. Go ahead. I can certainly concede the dates that Arch Bay were decided I respectfully suggested the Anna trip is not likely to have been keeping up to date on her on her advances. Well, the reason I asked that question is why should this court have to consider this a technical error when plaintiff could have cured did the fact before the default was entered. Well, I'm not sure you have to consider this technical error. If you decide on the jurisdictional issue, but you're absolutely right. Presumably, all counsel who represent lenders could have been aware of the entry of that of that order, or that that opinion. I'll just simply say flies in the face of 34 years of my practicing experience but and I suspect in the likewise for most people. And other than your argument regarding this court's lack of jurisdiction, your, your sole argument is that to dash to a one C applies retroactively to the summons in this case to cure this technical defect. Am I correct. No, I'm not saying that the amendment to the statute applies retroactively I've already conceded the Dina case says that we can't just simply declare something to be a statement of existing law and not have it be treated as effectively. Back to a way of trying to make retroactivity. I do think, however, that that declaration was accurate. And so, I don't think I'm not contending with the amendment makes for retroactive changing. Thank you, counsel. Just as soon after you have any further questions. No, I do not. Justice Hutchinson Do you have any further questions. No, thank you. Thank you. Mr Zelinsky. Do you wish to present a rebuttal. I just wish to address two minor points. One is the trustees ownership of the property. So, under 541 we are the trustee is vested in all equitable ownership, but we cannot. When the debtor asserts a homestead exemption property that takes it that homestead right takes it out of the bankruptcy estate, and they retain that right of possession. It's not a question between the debtor and the bank it's a question between the trustee and the debtor, an argument that I have had with debtors counsel since day one, which is the rights in this appeal belong to both parties, there's a, there's a right of possession that the debtor retains up until the point the trustee pays that that homestead exemption. If I cannot, if I was a trustee. When I am a trustee, I cannot remove a debtor from the house even though there's, there's no equity in the house, just because I'm the owner, I have to pay the homestead exemption. I can't take the debtors car, even though there's no equity in the car if I don't pay the debtors vehicle exemption, those are well settled law and bankruptcy judges do not allow me to take full ownership of property unless I pay their exemptions. So I, we have always maintained, I believe in the trial court that we have two competing ownership interests with respect to the appeal. Therefore, the debtor brought the appeal and we adopted it. I have always thought that there should be here. You as judges know exactly what you're saying. I as a bankruptcy trustee who spend hours is blocked in a room talking to debtors about their lives more on a more informal basis than, than probably anybody you'll meet. Nobody knows anything. So, while I certainly can appreciate the fact that a summons with an attached paper would, to me, a person who, who, who passed the bar would know what it means. There's no way that I, there's no way that 90% of the defendants when they get a summons and their name isn't on it know the look to another page for it. That's just a practical matter. It may, it may have bearing on this or it may not. Those are the only two issues I wish to address your honors. Again, I apologize for being like slightly more unprepared than everybody else in this case but debtors counsel indicated that he was not going to appear so I stepped up to argue the appellant side in this case, your honor. So thank you. Thank you. Justice. Do you have any questions. Well, I guess the follow up to the last statement you made. So do you want to write on that said debtors counsel indicated he was not going to argue this. So, let me just clarify that counsel and I had a discussion. When we intervened about whether or not it was appropriate for the bankruptcy trustee to argue this or not. They still, he still believes there is a possessory right and had informed me prior to the hearing here. And it was merely a conversation between he and I, that his client was still maintaining possession, they were still maintaining their possessory right, but in fairness to this tribunal to this court that they he asked me to move forward with the appellate argument, believing that the trustees possessory right under 541 was stronger than his than his slimmer remainder exemption right of possession. That's all your honor I didn't mean to confuse the issue here. That was the discussion it wasn't something that was formally said it was a discussion between Mr Ramani and myself over the last weekend, week and a half. Was this. I'm sorry, over the last week and a half, you said, yes. So, Mr. Mr Ramani and I discussed whether or not we would both appear and split time and argue, ultimately we felt it was fair. If the trustee stepped up and made the argument but he is not abandoned this appeal, your honor. There was discussion about whether or not to the mistress was abandoning the appeal that is not the case. Okay, but this court was never given formal notice of that. Correct. No, that is correct, that you in all candor to the court, there was a document that Mr Ramani had sent to me about whether or not you wish to withdraw the appeal. And ultimately, it was, we did not file that because it was not appropriate to file so yes there was a document drafted that I had seen, but to be clear, it was not filed with the court and they have not abandoned the appeal. I'm here, simply because we felt it was appropriate to have one voice speak, but the debtor still maintains their possessory right in this. Okay, I understand what you're saying but I guess my point was this court was never given notice of that. Yeah, that is that you would be the one to argue in filed. Got you I apologize I thought by filing the, the notice that I was appearing on behalf and arguing on behalf of the appellant that was sufficient notice for this court, your honor, because it wasn't even filed that. And I did file the notice that I was stepping up and appearing on behalf of the appellant. If there was another procedure for that I must must apologize but I thought by filing that that I was appearing on behalf it was clear that I was here, here on behalf of themselves. Okay, thank you. Thank you. Justice Hutchinson Do you have any additional questions. No, thank you, Justice Bridges. Okay, thank you, counsel, I have one question I'm confused by your last statements because I thought initially you had indicated that you were that the appeal had been abandoned by trip in this case, and that you were now standing. You, you had come into this appeal, and now represent solely the as the bankruptcy trustee, but you seem to, you know, retake that statement back, say that before us is the original appeal. Could you clarify your statement. Sure, sure, your honor. We have taken up the appeal Brenda Helms is taking up the appeal. We still understand that as a bankruptcy trustee that we have certain duties and obligations to the debtor that remain as those duties and obligations remain as us as a trustee within that bankruptcy proceeding. So for us to be able to simply maybe to put in perspective for us to simply now take the property from the debtor is not something that we as a trustee could do in a bankruptcy proceeding. So I am trying to, I'm trying to be clear here that as a bankruptcy trustee, we represent all creditors, and we also still owe a fiduciary duty. According to the Seventh Circuit to the debtor so there is still a right of the debtor that exists here that I just want, I just want to clarify exists, and that we still understand that it falls within our broader umbrella of arguing that does that make sense your honor. Again, when it comes to bankruptcy I understand that sometimes the nuances of appellate practice, I will admit that I had to go back to my books from law school on new court and other issues so 20 years in bankruptcy court sometimes make me make me a little insufficient and sometimes answering the question so I hope I've explained that your honor but if you need to follow up, I will try. All right. Thank you, Mr. ski justice and off do you have any additional questions. No, I do not. And Justice Hutchinson Do you have any additional questions. No, thank you. Very well. The court thanks both parties for your arguments this morning, the case will be taken under advisement and a disposition will be rendered in due course. Mr. clerk you may close the case and terminate the proceedings. Thank you time your honor.